IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

    Plaintiff,                        No. CIV S-05-0862 FCD DAD P

    vs.

N. GRANNIS,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint seeking relief under 42 U.S.C. § 1983. The proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's complaint was accompanied by an incomplete application to proceed in forma pauperis. Pursuant to the court's May 18, 2005 order, plaintiff filed a new in forma pauperis application on June 13, 2005. The new application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to his prison trust account.  Payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the complaint that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint in question.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

>Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff is confined at California State Prison - Corcoran, located in the Fresno Division of this district. He has sued N. Grannis, Chief of Inmate Appeals Branch, who is employed in Sacramento. Plaintiff's statement of claim is as follows:

>The Chief Inmate Appeals Branch N. Grannis refused to process an emergency medical care appeal preventing plaintiff from exhausting his administrative remedies, seeking court redress, access to adequate medical care, deliberately delaying treatment for a serious life threatening illness. On Feb. 17, 2005, the defendant rejected plaintiff's emergency medical appeal requesting an [sic] "WHEELCHAIR" as plaintiff was diagnosed with "DVT" Phlebitis in his lower extremity, placing plaintiff's life in jeopardy, causing him to suffer unnecessary pain & discomfort swelling etc. Plaintiff submitted the appeal on 8/17/04 Log no. 04-3257. The defendant received the appeal on 12/1/04. The defendant claimed plaintiff did not submit an original appeal therefore it (the submitted document) would not be accepted. Due to the fact the plaintiff's appeal is an emergency and the appeal had been responded to at each level it should have served as the original.

(Compl. at 3.) Plaintiff seeks the following relief in this action:

>1. Plaintiff request an injunction, a "wheelchair" be provided to plaintiff who has a "blood clotting disorder," with recurrent episodes of Phlebitis "DVT" in his lower extremity, on a permanent basis;

1         2. A jury trial to determine damages OR;

2         3. A court hearing to determine damages.

3 (Id.)

4     Plaintiff alleges that he filed an appeal concerning "<u>ALL</u> of the facts contained in this complaint" and "appeal was denied at the second level and the third level was rejected as not the original." (Id. at 2.) It appears that the appeal plaintiff describes as exhausted is his medical appeal requesting a wheelchair, not an appeal challenging defendant Grannis' decision to reject the medical appeal for failure to submit the original appeal at the director's level of the appeal process. Plaintiff is advised that he may not proceed with any claim against defendant Grannis in this case if he did not file and exhaust a separate appeal concerning the defendant's actions prior to filing this action.

    In addition, all of plaintiff's claims against defendant Grannis appears to be legally frivolous. First, plaintiff does not explain either his failure to submit the original appeal initially or his failure to submit the original document as soon as he received notice that a copy would not be accepted. Second, if plaintiff's medical appeal was first submitted on August 17, 2004, was processed as an emergency appeal, and was denied at the second formal level in November 2004, it does not appear that plaintiff's request for a wheelchair, presumably denied by medical staff, qualified for processing as an emergency appeal to be reviewed by non-medical staff at the third level in December 2004. Third, to the extent that plaintiff alleges denial of access to the courts, he has not alleged any actual injury to that right. An actual injury must be alleged and proved in order to prevail on a claim of denial of access to the courts. Fourth, to the extent that plaintiff alleges that defendant Grannis denied him access to adequate medical care and deliberately delayed "treatment for a serious life threatening illness," plaintiff has alleged no facts showing that defendant Grannis denied plaintiff access to medical care and delayed his medical treatment by rejecting a defective appeal at the third level at least six months after the appeal was filed and at least three months after the appeal was denied by medical staff. Fifth,

4

plaintiff requests relief that does not appear to be within the scope of the defendant's authority. It is unlikely that the Chief of Inmate Appeals Branch in Sacramento has the authority to order medical staff to provide plaintiff with a wheelchair, permanently or temporarily.

      The court finds that plaintiff's allegations against defendant Grannis appear to be legally frivolous and fail to state any claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice to the defendant and must allege facts that state the elements of each claim plainly and succinctly. See Fed. R. Civ. P. 8(a)(2); see also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff's complaint does not comply with the requirements of the Federal Rules of Civil Procedure and the Civil Rights Act, the pleading must be dismissed. Although it appears unlikely that plaintiff can cure the defects of his claims against defendant Grannis, the court will dismiss the complaint with leave to amend.[1]

      In an amended complaint, plaintiff must demonstrate how the actions of defendant Grannis resulted in a deprivation of plaintiff's federal constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). If plaintiff seeks injunctive relief in the amended complaint, he must seek relief within the scope of the defendant's authority. Plaintiff is cautioned that there can be no liability under 42 U.S.C. § 1983 absent a connection between the conduct of defendant Grannis and the claimed deprivation or deprivation of rights. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

---

[1] Plaintiff may not amend his complaint in this action to allege claims against medical staff at California State Prison - Corcoran. Plaintiff filed two cases in Sacramento in 2004, and both were transferred to Fresno. In case No. CIV F-04-5261 REC SMS P, plaintiff recently filed a 104-page amended complaint in which he names as defendants many medical staff, alleges claims concerning his phlebitis condition, and seeks relief that includes "Provide a wheel chair for permanent use." (Bradford v. Terhune, et al., No. CIV F-04-5261 REC SMS P (E.D. Cal.), Am. Compl. filed June 18, 2005, at 3.) Case No. CIV F-04-5496 AWI DLB P, which also alleged claims concerning medical care for plaintiff's phlebitis condition, was dismissed for failure to file an amended complaint in response to the court's order dismissing the complaint for failure to state a claim upon which relief may be granted. (Bradford v. Terhune, No. CIV F-04-5496 AWI DLB P, Order filed Oct. 21, 2004.)

Plaintiff is informed that an amended complaint must be complete in itself without reference to a prior pleading. Local Rule 15-220. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, just as if it were the first complaint filed in the action, each claim must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 2, 2005 application to proceed in forma pauperis is denied.

2. Plaintiff's June 3, 2005 motion to compel prison officials to process his in forma pauperis application is denied.

3. Plaintiff's properly completed June 13, 2005 application to proceed in forma pauperis is granted.

4. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

5. Plaintiff's complaint is dismissed with leave to amend.

6. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Plaintiff's amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint pursuant will result in a recommendation that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

DATED: June 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brad0862.14a

6