IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRADFORD,

    Plaintiff,                     No. CIV S-05-0862 FCD DAD P

    vs.

N. GRANNIS,

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. By order filed June 28, 2005, plaintiff's complaint was dismissed with leave to amend. Plaintiff's amended complaint is before the court.

        The court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably

1

1  meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at
2  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
3  arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989);
4  <u>Franklin</u>, 745 F.2d at 1227.

5　　　　　　A complaint should be dismissed for failure to state a claim upon which relief
6  may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the
7  complaint that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984);
8  <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
9  a complaint under this standard, the court accepts as true the allegations of the complaint in
10 question.  See <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  The court
11 construes the pleading in the light most favorable to the plaintiff and resolves doubts in the
12 plaintiff's favor.  See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

13　　　　　　The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

17 42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the
18 defendants and the deprivation alleged to have been suffered by the plaintiff.  See <u>Monell v.
19 Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A
20 person 'subjects' another to the deprivation of a constitutional right, within the meaning of
21 § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
22 perform an act which he is legally required to do that causes the deprivation of which complaint
23 is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
24 allegations concerning the involvement of official personnel in civil rights violations are not
25 sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
26 /////

In the present case, plaintiff is confined at California State Prison - Corcoran. The sole defendant is N. Grannis, Chief of Inmate Appeals Branch in Sacramento. In his amended complaint, plaintiff again alleges that the defendant failed to respond to plaintiff's emergency medical appeal within time constraints and thereby demonstrated deliberate indifference to plaintiff's serious medical needs, prevented plaintiff from receiving immediate and adequate medical care, and intentionally delayed plaintiff's ability to proceed to court and litigate his medical claims. Plaintiff again seeks damages and an injunction requiring defendant Grannis to provide plaintiff with a wheelchair for his permanent use.

Although plaintiff now claims that the appeal he submitted to the third level was actually the original appeal, contrary to the allegations of his previous pleading, plaintiff does not allege facts showing that the alleged delay in processing his appeal at the director's level caused any delay in receiving adequate medical care at Corcoran State Prison. Moreover, the allegations of the amended complaint and the attached exhibits show that there is no factual basis for plaintiff's contention that his appeal was entitled to emergency processing at the director's level. Plaintiff's appeal No. 03257, requesting a wheelchair, was submitted on July 28, 2004, according to plaintiff, or August 17, 2004, according to the informal response to order to show cause filed on March 4, 2005, in the Fifth Appellate District of the California Court of Appeal; plaintiff's appeal was denied at the first level on October 28, 2004; it was denied at the second level on November 24, 2004; and it was submitted to the director's level on December 1, 2004. Plaintiff complains that he did not receive a decision on his emergency appeal within five working days. However, it is evident that the appeal was not accepted for emergency processing. If it had been, the first level of review would have been waived, the response at the second level would have been due in five working days, and, after denial at the second level, the appeal would have been faxed by the prison appeals coordinator to the director's office for a third level decision within five working days. The history of plaintiff's appeal shows that it was not accepted as an emergency appeal and the third-level response was not due within five working days.

Plaintiff's amended complaint is defective in other ways. The pleading does not allege facts showing an actual injury to plaintiff's right of access to the courts. Nor does the amended complaint allege facts showing that defendant's processing of the third level appeal served to deny plaintiff access to medical care or delay plaintiff's medical treatment. Plaintiff's request for a wheelchair had been reviewed and rejected by medical staff and by institutional staff months previously. Finally, although plaintiff was advised that any injunctive relief sought in the amended complaint must be relief within the scope of the defendant's authority, plaintiff has again requested an order requiring the appeals coordinator to provide him with a wheelchair.

The court finds that plaintiff's claims are factually and legally frivolous and fail to state any claim upon which relief can be granted. Plaintiff has failed to cure the defects of his complaint.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice on the grounds that plaintiff's claims are factually and legally frivolous and fail to state any claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brad0862.56